Shauck, C. J.
Upon the trial of the three defendants no one of them offered himself as a witness. In its general charge the court, after giving to the jury the usual instruction that it is incumbent upon the state to produce evidence establishing the guilt of the accused beyond a reasonable doubt, added the following: “And I desire to say to you now, that the fact that no one of the defendants has gone upon the witness stand and testified, does not excuse the state from the full measure of proof to which I have cálled your attention, for it is the privilege of each defendant either to testify in his own behalf, or to decline to do so, resting his denial of the offense solely upon his plea of not guilty.” This is said to have been erroneous because in violation of Section 7286, Revised Statutes, which provides: “On the trial of all indictments, complaints, and other proceedings, against a person charged with the commission of an offense, the person so charged shall, at his own request, but not otherwise, be a competent witness; but his neglect or refusal to testify shall not create any presumption against him, nor shall any reference be made to, nor any comment be made upon, such neglect or refusal.” The view urged by counsel for the plaintiffs in error is that the statute in unambiguous terms, as plainly applicable to the judge as to counsel for the state, forbids all reference to, and comment *540 upon, the fact that the person accused elects not to use the opportunity offered by the statute to testify in his own behalf; thát the provision is not tó be regarded as the subject of interpretation, but is to be taken according to its plain import and that the judge’s reference to the fact for the purpose of informing the jury that the failure of the defendants to testify should not be regarded as relieving the state from the obligation to make a case against them by the evidence actually adduced can not make the reference innocuous, because any reference is a violation of the terms of of the statute. This view is entitled to considerate attention .not only because it is favored by the terms of the concluding provision of the section if taken out of its connection, as well as because it is accepted as sound by two of the members of the court.
But we are likely to go astray if we limit our view to the concluding portion of the section excluding its obvious purpose and the dominating character of a more important of its provisions. The obvious purpose of the statute was to confer upon an accused person the right, previously denied him, to testify in his own behalf, and to so confer it as to preserve unimpaired his constitutional immunity from being compelled to testify against himself. For this preservation two important provisions are made. It was provided that, “the person so charged shall, at his own request, but not otherwise, be a competent witness.” This would have been effective to prevent the state from calling the accused to the witness stand. But it would not have averted inferences unfavorable to the accused which might be drawn *541 from his failure to avail himself of the proffered privilege of testifying in his own behalf. To accomplish that it was distinctly provided “but his neglect or refusal to testify shall not create any presumption against him.” How shall the jury know that the failure of the accused to testify shall not create a presumption against him if the judge may not impart to them that information.? The answer to this question is that if due respect is paid to the concluding provision of the section no juror will know that the accused had an opportunity to testify and, therefore, no inference could be drawn from his silence. Paraphrased, the answer is that the legislature relied upon the learning of the jury in the common law, and not less upon their invincible ignorance of statutes by which it has been changed. So persistent‘is that ignorance supposed to be that the answer assumes that juries may sit throughout long terms of the criminal courts and1 observe one accused person after another elect to testify in his own. behalf without learning that they have a legal right to do so. Upon the trial of the three defendants in the present case it would have been competent for two of them to elect to testify and for the third to decline to do so. If that course had been taken would it be supposed that the jurors would not have become aware that the law offered to the third the privilege which the others exercised in their presence? If that situation had presented itself and the defendant, desiring to be relieved of any unfavorable inference to be drawn from his silence, had requested the court to state to the jury the most important provision of the section applicable to his case the view urged, upon us would *542 have justified, if indeed it would not have required, the refusal of the instruction. To give effect to both of the provisions of the section the later must be regarded as prohibiting such reference to the failure of the accused to testify as would suggest or encourage an inference of guilt from such failure. Certainly it applies to judge and counsel for the state alike, and since the latter would have no inducement to refer to the silence of the accused except to. suggest or encourage the forbidden inference, as to him reference to the subject is practically forbidden.
But to treat even as technical error such reference to the subject as was made by the trial judge in the present case would be to hold that the jury are to be kept in ignorance of an important rule of evidence by which the guilt of the accused is to be determined, and that knowledge of the rule is to be kept by the judge alone and applied, if applied at all, upon a motion. for a new trial. Moreover such a view would be inconsistent with the theory upon which trials by jury are conducted, that juries accept and apply the law as it is stated in the charge. Rules prescribed by statute have the same force as the rules of common law which they supplant. If upon the trial of an accused person the court should permit the state to introduce against him a confession extorted from him by duress, but should thereafter explicitly direct the jury to disregard it in their deliberation the instruction would be universally accepted as curing the error in the' admission of evidence. We adhere to the well-established rule anplicable to reviewing courts that to constitute a ground for reveísing a judgment the record must *543 show error and the error must be prejudicial to the party who complains.

Judgment affirmed:

Price, Summers and Davis, JJ., concur.
Crew and Spear, JJ., dissent.